**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANTHONY SANDERS, individually and on behalf all others similarly situated, | ) ) ) |
| Plaintiff, | ) Civil Action No. _____ ) ) |
| v. | ) ) |
| STEVENS TRUCKING COMPANY, KWS LEASING LLC, and KENNEY STEVENS, | ) ) ) ) |
| Defendants. | ) ) |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**I.    INTRODUCTION**

1.  This is an action brought on behalf of current and former delivery drivers challenging Defendants Stevens Trucking Company ("Stevens Trucking") and KWS Leasing, LLC's ("KWS") (collectively, "Defendants") unlawful practices. Plaintiff contends that, although he and other delivery drivers were classified by Defendants as independent contractors, they were, in fact, employees of Defendants. Plaintiff also contends that Defendant Kenney Stevens is individually liable by virtue of his role within Stevens Trucking, and his permitting Stevens Trucking's unlawful classification and compensation practices.

2.  Plaintiff alleges that, as a result of Defendants' policies, he and other drivers did not receive reimbursement for their escrow fund, maintenance fund, and guarantee fund deposits upon separation from employment, in violation of the Oklahoma Wage Payment Statute, 40 O.S. 165.3. Plaintiff brings these claims, under Fed. R. Civ. P. 23, on behalf of a class of similarly situated individuals who worked as delivery drivers for Stevens Trucking in Oklahoma between March 2022 and the present.

1

3. In addition, Plaintiff alleges that, as a result of Defendants' policies, and the deductions made from Plaintiff's and other delivery drivers' pay, Plaintiff and other delivery drivers received less than the minimum wage in a number of workweeks, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206.

4. Plaintiff also seeks to represent, under Fed. R. Civ. P. 23, a class of similarly situated drivers who worked as delivery drivers for Stevens Trucking and who entered into a lease agreement with KWS at any time between March 2021 and the present. Plaintiff alleges that Sevens Trucking and KWS' unlawful practices described in this Complaint are in violation of 49 U.S.C. § 14102 and its regulations, referred to hereinafter as the Truth-in-Leasing regulations or TIL Regulations.

## II. JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. §216(b) and Plaintiff's Truth-in- Leasing claims under 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's claims under the Oklahoma Wage Payment Statute pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims over which this Court possesses original jurisdiction that it forms part of the same case or controversy under Article III of the Constitution.

8. The Court also has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). Taken individually, Plaintiff's claims exceed $75,000 and Plaintiff's class claims in total exceed $5 million.

9. The Court has personal jurisdiction over Defendants because Defendant Kenney Stevens resides in Oklahoma, Defendants Stevens Trucking and KWS are registered with the Oklahoma Secretary of State, Defendants do business in the State of Oklahoma, and Defendants have expressly consented to personal jurisdiction in the State of Oklahoma and this judicial district.

10. The Court has personal jurisdiction over Plaintiff and the putative class members because they have worked in Oklahoma for an Oklahoma employer.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to the claims set forth in this complaint occurred in this judicial district.

### III.  PARTIES

12. Defendant Stevens Trucking is an Oklahoma corporation headquartered in El Reno, Oklahoma. Stevens Trucking does business in Oklahoma, operates facilities in Oklahoma, and is registered with the Oklahoma Secretary of State. Stevens Trucking provides freight delivery services to customers in Oklahoma and across the United States.

13. Defendant KWS is an Oklahoma corporation headquartered in El Reno, Oklahoma. KWS does business in Oklahoma, operates facilities in Oklahoma, and is registered with the Oklahoma Secretary of State.

14. KWS has the same address as Stevens Trucking, and, upon information and belief, was formed by Stevens Trucking in order to enter into lease agreements with prospective drivers.

15. Defendant Kenney Stevens is an Oklahoma resident and is the Owner and Director of Stevens Trucking. In his role, Stevens possesses and exercises the authority to make or participate in decisions concerning drivers' compensation; implement and enforce rules affecting the material terms of drivers' work, employment, and compensation; hire drivers, supervise their work, and impose discipline on them.

16. Stevens Trucking is a motor carrier that transports property in interstate commerce under authority issued by the United States Department of Transportation ("DOT"). Stevens Trucking transports property in equipment leased by individual truck drivers, including Plaintiff.

17. Plaintiff Anthony Sanders is a citizen of Texas. Sanders provided delivery services for Stevens Trucking in the State of Oklahoma as a delivery driver from approximately August February 2023 and November 2024.

## IV. FACTUAL BACKGROUND

### A. Facts Relevant to Plaintiff's Claims under the FLSA

18. Plaintiff was hired by Stevens Trucking to perform freight deliveries in Oklahoma and adjoining states.

19. Plaintiff worked for Stevens Trucking full time, typically working between 50 and 60 hours a week.

20. Plaintiff did not work for any other companies while working for Stevens Trucking.

21. Stevens Trucking exercised extensive control over the Plaintiff's and other similarly situated drivers' work, including the number of hours worked, the distance driven, and the deliveries performed by Plaintiff and other delivery drivers.

22. Plaintiff was required to regularly check in with Stevens Trucking's dispatchers to take their instructions as to which loads to haul, and where and when to pick up these loads. Plaintiff and other delivery drivers were subject to penalties, including written reprimands, for turning down an assigned load.

23. Plaintiff was also required to comply with Stevens Trucking's time constraints for deliveries and other instructions and was required to regularly report to Stevens Trucking's staff and office in Oklahoma.

24. Stevens Trucking required Plaintiff and all other delivery drivers to submit to mandatory drug testing and a background check in order to start working for Stevens Trucking.

25. Plaintiff and other class members were required to pick up their trucks and trailers from Stevens Trucking's yard in El Reno, Oklahoma.

26. Plaintiff and other class members were required to pick up and deliver freight for Stevens Trucking in Oklahoma, and received directions regarding their deliveries from Defendants' dispatchers and management team in Oklahoma.

27. Stevens Trucking controlled every aspect of its drivers', including Plaintiff's, work. Such control included, but was not limited to the following:

   a. Stevens Trucking required Plaintiff and other similarly situated drivers to comply with instructions dictated by written and unwritten policies, procedures, and directives regarding Plaintiff's and other similarly situated drivers' duties.

   b. Plaintiff, as well as other similarly situated drivers, were required to report to or contact dispatchers employed by Stevens Trucking each day, at which time the Plaintiff and other similarly situated drivers were provided with delivery assignments.

   c. Stevens Trucking instructed Plaintiff and other similarly situated drivers which loads to pick up, the location of the loads/goods to be delivered, as well as the time frames for loading onto the equipment. Plaintiff and other similarly situated drivers had and have no discretion with respect to which loads they would pick up or deliver or when. Additionally, Defendants dictated the time by which each delivery must be made. Stevens Trucking' dispatchers and supervisors also communicated with Plaintiff and similarly situated drivers while they were driving via telephone in order to convey instructions and otherwise oversee the drivers.

      d. Plaintiff and other similarly situated drivers had GPS devices on their vehicles, which allowed Stevens Trucking to track the drivers' progress throughout the day.

      e. Stevens Trucking required Plaintiff and other similarly situated drivers to undergo background checks and drug testing prior to beginning work.

      f. Stevens Trucking subjected drivers, including Plaintiff, to a variety of deductions, including, but not limited to, deductions for insurance coverage, truck and trailer payments, fuel, and tolls.

      g. If Plaintiff or other similarly situated drivers wished to take time off, Stevens Trucking required them to give timely advance notice, with the Plaintiff and other similarly situated drivers disciplined or terminated for failure to provide such notice.

28. Defendants required Plaintiff and putative class members to submit all bills of lading, logbooks, and other required paperwork to Stevens Trucking's office in Oklahoma.

29. At no time during their employment were Plaintiff and other similarly situated drivers allowed to have their own customers nor did they ever have their own customers. Further, they could not choose and did not choose their own routes for delivery of cargo, could not and did not receive compensation or otherwise exchanged payment for their delivery other than being compensated by Stevens Trucking and could not and did not negotiate any matters or bargains with any customers or brokers.

30. Plaintiff was paid a set number of cents per mile for the deliveries he made.

31. Throughout the course of Plaintiff's work for Stevens Trucking, Stevens Trucking made deductions from his pay, which often came to thousands of dollars per week.

32. Plaintiff did not authorize these deductions.

33. For example, Stevens Trucking made deductions for truck lease payments, an escrow fund, a maintenance reserve, fuel, tolls, and insurance, from Plaintiff's pay.

34. As a result of these deductions, there were a number of weeks in which Plaintiff's pay fell below minimum wage.

35. For example, in the week of October 10, 2024, Plaintiff made two separate trips between Oklahoma and Texas, and worked at least 20 hours for Stevens Trucking, but his take home pay, after deductions, was $0.00. In the week of November 19, 2024, Plaintiff made two separate trips, and worked at least 15 hours for Stevens Trucking, but, after deductions, his take home pay was *negative* $379.12 – that is, he owed money to Stevens Trucking.

**B.     Allegations Relating to Plaintiff's Truth-in-Leasing Claims**

36. Stevens Trucking is a trucking company with authority granted by the DOT to transport property. It employs drivers to transport its customers' freight in interstate commerce.

37. Stevens Trucking is a motor carrier and an authorized carrier under 49 U.S.C. §§ 13901 and 13902, *et seq*. and the TIL regulations.

38. Stevens Trucking offers to lease equipment to individuals seeking to perform services as a driver. Those individuals who choose to lease equipment from Stevens Trucking are required to sign an Equipment Lease Agreement with KWS. The Equipment Lease Agreement is a standard form agreement that Stevens Trucking presents to drivers on a take-it-or-leave it basis, without the opportunity to negotiate.

39. When Plaintiff began work for Stevens Trucking, he did not have his own truck. Consequently, in February 2023, he entered into an Equipment Lease Agreement.

40. The Equipment Lease Agreement constitutes a "lease" within the meaning of the Truth-in-Leasing regulations, 49 C.F.R. § 376.29(e).

41. Section 9 of the Equipment Lease Agreement provides that the driver must maintain a maintenance reserve, and that Defendants will deduct $0.08 per mile from the driver's compensation toward this reserve

42. The amounts deducted and retained by Stevens Trucking from drivers' compensation pursuant to Section 9 of the Equipment Lease Agreement constitute an "escrow fund" within the meaning of the TIL regulations, 29 C.F.R. § 376.2(l).

43. The KWS Equipment Lease Agreements do not comply with TIL regulations pertaining to escrow funds because, among other things, they fail to sufficiently identify and describe the specific items to which the escrow fund can be applied.

44. Additionally, Stevens Trucking and KWS have failed to adhere to the TIL regulations concerning maintenance and accounting of drivers' escrow funds by failing to pay interest to the drivers on the balance of drivers' escrow funds on at least a quarterly basis.

45. Under the TIL regulations, Stevens Trucking was required to disclose in a written lease all expenses that it would "charge back" to the drivers.

46. Stevens Trucking made numerous deductions from drivers' pay that were not disclosed in the Independent Contractor Equipment Lease Agreement. These included, in Mr. Sanders's case, deductions for fuel and tolls.

47. Under the TIL regulations, Stevens Trucking was required to disclose in a written lease the amount that it would pay Sanders and the other putative class members as compensation, and to specify that it would provide Sanders and the other putative class members with a copy of the rated freight bills upon which their compensation was based, either before or at the time of settlement.

48. The Equipment Lease Agreement failed to disclose that Stevens Trucking would provide a copy of the rated freight bills, and Stevens Trucking failed to provide Sanders and the other putative class members with a copy of the rated freight bills upon which their compensation was based.

49. Stevens Trucking's deductions, chargebacks, withholdings, excess charges, and failure to comply with the TIL regulations have resulted in an improper windfall to Stevens Trucking.

50. Stevens Trucking's drivers have suffered harm and sustained damages from Stevens Trucking's actions, including improper deductions from their pay and failing to adhere to the TIL regulations' requirements for handling escrow accounts.

## V.     CLASS ACTION ALLEGATIONS

51. Plaintiff brings Counts I-II of this lawsuit against Defendants as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following classes, for which Plaintiff seeks certification:

   a. For the Oklahoma Wage Payment Statute 40 O.S. 165.3, all current and former delivery drivers who provided delivery services for Stevens Trucking in the state of Oklahoma between March 2022 and the present.

   b. For the Truth-in-Leasing claim, all current and former delivery drivers who provided delivery services for Stevens Trucking subject to a lease agreement at any time between March 2021 and the present.

52. This case may be maintained properly as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3).

53. The class is so numerous that joinder of all potential class members is impracticable. On information and belief, the class is comprised of more than one hundred drivers.

54. There are questions of law or fact common to the class that predominate over any individual issues that might exist. Common questions of law and fact include whether Defendants have misclassified drivers as independent contractors; whether Defendants have failed to pay drivers promised wages; whether Defendants have taken unlawful deductions from drivers' wages; and whether Defendants adhered to their obligations under the Truth-in-Leasing regulations.

55. The class claims asserted by Plaintiff are typical of the claims of potential class members. Defendants operate in a highly regulated industry that requires them to maintain standard operating procedures and uniform policies, procedures, and practices and adhere to laws and regulations governing motor carriers. Plaintiff's and class members' claims for unpaid wages and unlawful deductions should be readily calculable from Defendants' business records.

56. Plaintiff will fairly and adequately protect and represent the interests of the class. His interest in challenging the unlawful practices of Defendants motivates him to bring this case as a class action.

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The alternative numerous identical lawsuits alleging similar or identical causes of action would not serve the interests of judicial economy and the prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards of conduct for Defendants. Moreover, some class members particularly current drivers may be reluctant to bring their claims individually for fear of retaliation by Defendants.

58. Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded by Oklahoma law and the Truth-in- Leasing regulations to drivers, whose individual claims may be too small to warrant the expense of litigation.

59. This class action will not be difficult to manage due to the uniformity of claims among the class members and the amenability of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

60. The contours of the class will be easily defined by reference to business records kept by Defendants.

## VI. COLLECTIVE ACTION ALLEGATIONS

61. Plaintiff brings Count III of this lawsuit as a collective action on behalf of all individuals who worked as delivery drivers for Stevens Trucking between March 2022 and the present and who may choose to opt-in to this case.

62. Plaintiff's FLSA claims should proceed as a collective action because all potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Defendants did not pay drivers at least the minimum wage for all hours worked, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

### COUNT I
### Violation of Oklahoma Wage Payment Statute

63. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

64. At all relevant times, Plaintiff and the proposed class members were "employees" of Stevens Tucking under Oklahoma law.

65. Defendants, through their policies and practices described above, willfully violated the Oklahoma Wage Payment Statute, 40 O.S. 165.3, by failing to pay the Plaintiff and other members of the Rule 23 Class all wages owed following their separation from employment. Specifically, Defendants failed to repay to Plaintiff and other delivery drivers their escrow fund, maintenance fund, and guarantee fund deposits upon separation from employment.

66. Plaintiff, on behalf of himself and the Rule 23 Class members, seeks damages in the amount of their unpaid wages, , plus liquidated damages, attorneys' fees and costs, as provided by 40 O.S. 165.3.

## COUNT II
## Violation of Truth-in-Leasing Regulations

67. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

68. Stevens Trucking is a motor carrier with operating authority granted to it by the DOT.

69. Under the Truth-in-Leasing regulations, an authorized carrier may perform authorized transportation using leased equipment only if the written lease granting the use of the equipment meets the requirements of 49 C.F.R. § 376.12.

70. As alleged, Stevens Trucking has violated the TIL regulations by, inter alia, taking unspecified and excessive deductions from drivers' earnings; improperly maintaining drivers' escrow funds; making unlawful deductions from escrow funds; and by failing to include the contents, disclosures, and terms required by the TIL regulations in the drivers' lease agreements.

71. As a result of their failure to comply with the TIL regulations, Plaintiff and the putative class members are entitled to declaratory judgment that Stevens Trucking's and KWS' Equipment Lease Agreements violate 49 C.F.R. § 376.12.

72. As a result of their failure to comply with the TIL regulations, Plaintiff and the putative class members are entitled to enjoin Stevens Trucking and KWS from attempting to enforce the Equipment Lease Agreements.

73. As a direct and proximate result of Stevens Trucking's and KWS' substantial and material failure to adhere to the TIL regulations, Stevens Trucking and KWS have violated the rights of Plaintiff and the putative class members and has caused Plaintiff and the putative class members economic damages in an amount to be determined at trial.

74. Plaintiff brings this claim pursuant to 49 U.S.C. § 14706(d).

## COUNT III
## Violation of Fair Labor Standards Act

75. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

76. After accounting for the deductions taken by Stevens Trucking from their pay, which amounted to hundreds of dollars per week, Stevens Trucking has failed to pay Plaintiff and the members of the putative collective an hourly rate of at least the federal minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206(a).

77. Stevens Trucking's conduct in failing to ensure that its delivery drivers, with whom it has relied upon to perform a critical and integral component of its business services, receive the federal minimum wage, after accounting for the expenses they paid that were necessary to perform their job, was knowing, willful, intentional, and done in bad faith.

78. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court enter Judgment against Defendants, jointly and severally, and award the following relief:

A. Certification of this action as a class action under Rule 23(b)(1), 23(b)(2) and 23(b)(3);

B. Appointing Plaintiff Anthony Sanders as class representative and his counsel as class counsel;

C. An order enjoining Defendants from violating the Oklahoma Wage Payment Statute

D. All unpaid wages;

E. Liquidated damages under the FLSA and the Oklahoma Wage Payment Statute;

F. Restitution for all deductions taken from Plaintiff's and class members' wages;

G. An award to Plaintiff and the Rule 23 class of damages, statutory damages and penalties;

H. Requiring Defendants to provide each of the drivers an accounting of all transactions with Stevens Trucking and provide all documentation necessary to confirm the validity of the computations;

I. A judgment against Defendants for all damages that the drivers incurred as a result of its violations of the Truth-in-Leasing regulations, including, but not limited to, restitution for all improper or excessive deductions, chargebacks, or withholdings; all amounts owed in interest on escrow funds, all escrow funds improperly withheld at termination; and other direct and proximate damages;

J. Pre-and post-judgment interest;

K. Attorneys' fees and costs, pursuant to the FLSA and 49 U.S.C. § 14704(e);

L. Any other relief as this Court deems just and proper.

Respectfully Submitted,

**ANTHONY SANDERS,** individually and on behalf of all others similarly situated,

*Plaintiff*,

By his attorneys,

/s/ *Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
Pamela G. Herrmann
Texas Bar No. 24104030
pamela@herrmannlaw.com

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: (817) 479-9229

and

Harold L. Lichten
*pro hac vice anticipated*
hlichten@llrlaw.com
Olena Savytska
*pro hac vice anticipated*
osavytska@llrlaw.com

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801