**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

ANTHONY SANDERS,                          )
individually and on behalf all            )
others similarly situated,                )          CA No. 5:25-cv-00410-SLP
                                          )
            Plaintiff,                    )
                                          )
v.                                        )
                                          )
STEVENS TRUCKING, INC. and                )
KWS LEASING, LLC,                         )
                                          )
            Defendants.                   )


<u>**PLAINTIFF'S MOTION FOR COURT-AUTHORIZED NOTICE PURSUANT TO**</u>
<u>**29 U.S.C. § 216(B) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**</u>

# TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................................... 1

II.   FACTUAL BACKGROUND .................................................................................... 4

III.  ARGUMENTS & AUTHORITIES ......................................................................... 6

  A.    The Conditional Certification Standard is Lenient ................................................ 7

  B.    Plaintiffs Have Sufficiently Shown they are Similarly Situated to
       Collective Action Members ................................................................................ 10

  C.    Plaintiffs Have Made a Sufficient Showing, at This Preliminary Stage,
       That They and Other Drivers Were Employees of Stevens Trucking ................ 14

  D.    Plaintiffs' Proposed Notice is Proper ................................................................. 15

IV.   CONCLUSION AND PRAYER ............................................................................ 20

# TABLE OF AUTHORITIES

## Cases

*Aldama v. Fat Alley, Inc.*,
  No. 19-cv-524-WJM-MEH, 2019 U.S. Dist. LEXIS 163103 (D. Colo. Sep. 24,
  2019) ........................................................................................................................ 8

*Arriaga v. Fla. P. Farms, L.L.C.*,
  305 F.3d 1228 (11th Cir. 2002) ...................................................................... 1

*Avendano, et al. v. Averus, Inc., et al.*,
  No. 14-cv-01614 (D. Colo. Oct. 25, 2016) ................................................... 19

*Baldozier v. Am. Family Mut. Ins. Co.*,
  375 F. Supp. 2d 1089 (D. Colo. 2005) ........................................................ 8, 9

*Bass v. PJComn Acquisition Corp.*,
  2010 WL 3720217 (D. Colo. Sept. 15, 2010) ................................................. 9

*Brown v. Club Assist Rd. Serv. U.S., Inc.*,
  2013 WL 5304100 (N.D. Ill. Sept. 19, 2013) ............................................... 11

*Brown v. Money Tree Mortg., Inc.*,
  222 F.R.D. 676 (D. Kan. 2004) ................................................................ 9, 10

*Brown v. Select One, Inc.*,
  2024 WL 3398362 (N.D. Ill. July 12, 2024) ................................................. 11

*Calvillo v. Bull Rogers, Inc.*,
  2017 WL 3172843 (D.N.M. July 25, 2017) ..................................... 11, 18, 19

*Camara v. Mastro's Rests. LLC*, 340 F. Supp. 3d 46 (D.D.C. 2018), *aff'd* 952 F.3d
  372 (D.C. Cir. 2020) .................................................................................... 18

*Collinge v. Intelliquick Delivery, Inc.*,
  2012 WL 3108836 (D. Ariz. July 31, 2012) ............................................ 3, 11

*Courtright v. Bd. of Cty. Comm'rs*,
  No. CIV-08-230-D, 2009 U.S. Dist. LEXIS 33942 (W.D. Okla. Apr. 21, 2009) .......... 13

*Cryer v. Intersolutions, Inc.*,
  No. 06 Civ. 2032, 2007 WL 1053214 (D.D.C. Apr. 7, 2007 ........................ 19

*Dole v. Snell*,
  875 F.2d 802 (10th Cir. 1989) ...................................................................... 15

*Espenscheid v. DirectSat USA, LLC*,
    2010 WL 2330309 (W.D. Wis. June 7, 2010) ................................................................. 16

*Foust v. CPI Sec. Servs.*,
    No. CIV-16-1447-R, 2017 U.S. Dist. LEXIS 78072 (W.D. Okla. May 23, 2017).. 19, 20

*Garza v. Fusion Indus., LLC*, No. CIV-20-336-D,
    2022 U.S. Dist. LEXIS 66406 (W.D. Okla. Apr. 11, 2022) .................................... passim

*German v. Holtzman Enters.*,
    Civil Action No. 19-cv-03540-PAB-STV, 2021 U.S. Dist. LEXIS 53141 (D.
    Colo. Mar. 22, 2021) ...................................................................................................... 20

*Gieseke v. First Horizon Home Loan Corp.*,
    2006 WL 2919076 (D. Kan. Oct 11, 2006) ..................................................................... 19

*Guevara v. Spartan Enters., LLC*,
    Civil Action No. 20-1383 (JEB), 2020 U.S. Dist. LEXIS 220811 (D.D.C. Nov.
    23, 2020) ......................................................................................................................... 20

*Hager v. Omnicare, Inc.*,
    2020 WL 5806627 (S.D. W. Va. Sept. 29, 2020) ...................................................... 3, 11

*Harris v. Med. Transp. Mgmt., Inc*,
    317 F. Supp. 3d 421 (D.D.C. 2018) ................................................................................ 20

*Heckler v. DK Funding, LLC*,
    502 F. Supp. 2d 777 (N.D. Ill. 2007) .............................................................................. 13

*Hoffman-La Roche, Inc. v. Sperling*,
    493 U.S. 165 (1989) ................................................................................................ 2, 7, 16

*Holliday v. J S Exp. Inc.*,
    2013 WL 2395333 (E.D. Mo. May 30, 2013) ........................................................... 3, 11

*Hornaday v. Mt. States Casing, Ltd. Liab. Co.*,
    No. 15-cv-1011-WJM-KLM, 2016 U.S. Dist. LEXIS 184280 (D. Colo. June 8,
    2016) ................................................................................................................................. 7

*Hose v. Henry Indus., Inc.*,
    49 F. Supp. 3d 906 (D. Kan. 2014) ........................................................................... 3, 11

*In re Bank of America Wage and Hour Employment Litigation*,
    2010 WL 4180530 (D. Kan. Oct. 20, 2010) ..................................................................... 7

*In re Chipotle Mexican Grill, Inc.*,
  2017 WL 4054144 (10th Cir. Mar. 27, 2017) .................................................. 7

*Isaacs v. Total Aggregate, LLC*,
  No. CIV-21-945-J, 2022 U.S. Dist. LEXIS 44667 (W.D. Okla. Mar. 10, 2022)............ 7

*James v. Boyd Gaming Corp.*,
  522 F. Supp. 3d 892 (D. Kan. 2021) ............................................................. 16

*Kenney v. Helix Tcs*,
  Civil Action No. 17-cv-01755-CMA-KMT, 2021 U.S. Dist. LEXIS 79948 (D.
  Colo. 2021) .......................................................................................... 19

*Koehler v. Freightquote.com, Inc.*,
  93 F.Supp.3d 1257 (D. Kan. 2015) ............................................................... 8

*Langston v. U.S. Sec. Assocs., Inc.*,
  No. CIV-18-868-PRW, 2019 U.S. Dist. LEXIS 148354 (W.D. Okla. Aug. 30,
  2019) ............................................................................................ 7, 17

*Latipov v. AN Enterprise, Inc.*,
  No. 23-CV-01859, 2024 WL 474166 (N.D. Ill. Feb. 7, 2024) ......................... 12

*Lewis v. ASAP Land Express, Inc.*,
  554 F. Supp. 2d 1217 (D. Kan. 2008)............................................................. 14

*Luckett v. Caldwell Transport Co., LLC*,
  No. 5:17-cv-00934-W, ECF Document 30 (W.D. Ok. Apr. 27, 2018) ......................... 9

*McGlon v. Sprint Corp.*,
  No. 16-CV-2099-JAR, 2016 U.S. Dist. LEXIS 168694 (D. Kan. Dec. 6, 2016) .......... 18

*McMahon v. Breckenridge Grand Vacations, LLC*,
  No. 20-cv-00754-CMA-STV, 2021 U.S. Dist. LEXIS 173970 (D. Colo. Sep. 14,
  2021) ........................................................................................... 8, 11

*McQueary v. Confluence Energy, LLC*,
  2015 WL 1186603 (D. Colo. Mar. 12, 2015).................................................... 20

*Montes v. Tafolino's Inc.*,
  Civil Action No. 14-cv-03425-MSK-MJW, 2015 U.S. Dist. LEXIS 68483 (D.
  Colo. May 22, 2015).............................................................................. 20

*Morris v. MPC Holdings, Inc.*,
No. 20-cv-02840-CMA-NYW, 2021 U.S. Dist. LEXIS 170802 (D. Colo. Sep. 9,
2021) ...................................................................................................................... 9, 19

*Myers v. Hertz Corp.*,
624 F.3d. 537 (2nd Cir. 2010) ........................................................................................ 8

*Nazih v. Café Istanbul of Columbus, LLC*,
2018 U.S. Dist. LEXIS 154283 (S.D. Ohio Sept. 11,. 2018) ...................................... 19

*Oldershaw v. DaVita Healthcare Partners, Inc.*,
2017 WL 2391061 (D. Colo. Jun. 1, 2017) .................................................................... 7

*Oldershaw v. DaVita Healthcare Partners, Inc.*,
255 F.Supp.3d 1110 (D. Colo. 2017) ............................................................................ 15

*Pogue v. Chisholm Energy Operating, LLC*,
No. 2:20-cv-00580-KWR-KK, 2021 U.S. Dist. LEXIS 237107 (D.N.M. Dec.
10, 2021) .......................................................................................................................... 18

*Pruess v. Presbyterian Health Plan, Inc.*,
2020 U.S. Dist. LEXIS 208114, 2020 WL 6544243 ...................................................... 19

*Reab v. Electronic Arts, Inc.*,
214 F.R.D. 623 (D. Colo. 2002) .................................................................................... 13

*Rivera v. Power Design, Inc.*,
172 F. Supp. 3d 321 (D.D.C. 2016) .............................................................................. 15

*Roldan v. Davis Bancorp, Inc.*,
2011 WL 13223731 (S.D. Fla. July 20, 2011) ......................................................... 3, 11

*Rosenbohm v. Cellco P'ship*,
No. 2:17-cv-731, 2018 U.S. Dist. LEXIS 158030 (S.D. Ohio 2018) ........................... 19

*Russell v. Illinois Bell Tel. Co.*,
575 F. Supp. 2d 930 (N.D. Ill. 2008) ............................................................................ 11

*Sharp. v. CGG Land (U.S.) Inc.*,
2015 WL 222486 (N.D. Okla. Jan. 14, 2015) ........................................................... 9, 16

*Souran v. GrubHub Holdings, Inc.*,
2017 WL 11594472 (N.D. Ill. Feb. 3, 2017) ................................................................ 11

*Swartz v. D-J Eng'g, Inc.*,
No. 12-CV-1029-JAR, 2013 U.S. Dist. LEXIS 136369 (D. Kan. Sep. 24, 2013) ......... 10

*Thiessen v. Gen. Elec. Capital Corp.*,
  267 F.3d 1095 (10th Cir. 2001) .................................................................................. 8

*Waltrip v. TransWood Logistics, Inc.,*
  No. 1:24-CV-00672-SMD-KK, 2025 WL 1361733 (D.N.M. May 9, 2025) ........... 2, 10

*Warren v. MBI Energy Servs.*,
  No. 1:19-cv-00800-RM-STV, 2020 U.S. Dist. LEXIS 173198 (D. Colo. Sep. 22,
  2020) ..................................................................................................................... 17, 19

*Wass v. NPC Int'l., Inc.*,
  2011 WL 1118774 (D. Kan. Mar. 28, 2011) ................................................................ 19

*White v. MPW Indus. Servs., Inc.*,
  236 F.R.D. 363 (E.D. Tenn. 2006) .............................................................................. 10

*Williams v. Sprint/United Mgmt. Co.,*
  222 F.R.D. 483(D. Kan. 2004) ...................................................................................... 9

*Williams v. TopHat Logistical Sols., LLC*,
  2023 WL 8190366 (N.D. Ill. Nov. 27, 2023) .............................................................. 12

## Statutes

29 U.S.C. § 216(b) ........................................................................................................ 2, 6, 7

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 ...................................................... 1

## Regulations

29 C.F.R. § 531.36 ............................................................................................................. 1

## I.    INTRODUCTION

Plaintiff Anthony Sanders ("Sanders") and Opt-in Plaintiffs Jeffery White, Jesse Nash, Donell Mathews, and Norman Thompson (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated employees ("Collective Members"), move this Court for an order granting conditional certification and allowing judicial notice of this action to be provided to potential collective action members informing them of their right to opt in to this case under Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. Plaintiffs worked as delivery drivers for Stevens Trucking Company ("Stevens Trucking"), delivering various freight in Oklahoma and across the United States. Although Plaintiffs and other delivery drivers working for Stevens Trucking were classified as independent contractors, they were in fact employees of Stevens Trucking for purposes of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.

The FLSA requires that employees receive at least the minimum wage for all hours worked. See 29 U.S.C. § 206. An employer may not deduct from employee wages the cost of facilities which primarily benefit the employer if such deductions drive wages below the minimum wage. *See Arriaga v. Fla. P. Farms, L.L.C.*, 305 F.3d 1228, 1236 (11th Cir. 2002); 29 C.F.R. § 531.36(b). Deductions made by employers which take the employees' pay below minimum wage therefore violate the FLSA. In this case, as set out below, Stevens Trucking has a policy of making deductions from delivery drivers' pay for various items, including truck lease payments, physical damage insurance, occupational accident

1

insurance, bobtail insurance, a maintenance escrow fund and fuel among others. These deductions amount to hundreds of dollars or more per week, and, in some weeks, bring the drivers' pay below minimum wage in violation of the FLSA. This is particularly true during the drivers' last week of employment. The proposed FLSA collective for which Plaintiffs seeks conditional certification is comprised of all delivery drivers who worked for Stevens Trucking in the United States between during the past three years, who were classified as independent contractors. (hereinafter referred to as "delivery drivers").

Plaintiffs therefore respectfully request the Court to authorize notice for similarly situated employees, direct Stevens Trucking to promptly disclose contact information for the putative collective action members, and authorize Plaintiffs to transmit notice to the collective action members of their right to opt-in and join this lawsuit. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) ("[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same…activity."); *Waltrip v. TransWood Logistics, Inc.,* No. 1:24-CV-00672-SMD-KK, 2025 WL 1361733, at *3 (D.N.M. May 9, 2025) (Plaintiffs "need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist.").

Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to conditionally certify and issue notice to other similarly situated employees ("Collective Members"), defined as:

> **All individuals who have been employed as delivery drivers by Stevens Trucking in the United States at any time in the three-year period prior to the filing of this lawsuit, who were classified as independent contractors.**

2

Courts have held that the question of whether individuals are misclassified as independent contractors under the FLSA is a common practice that can be addressed on a collective basis; and therefore, cases involving employees who were improperly classified as independent contractors, are routinely conditionally certified. *See Garza v. Fusion Indus., LLC*, No. CIV-20-336-D, 2022 U.S. Dist. LEXIS 66406, at *7 (W.D. Okla. Apr. 11, 2022) (conditionally certifying a class of "all current and former welders who were paid on an hourly rate basis and were classified as independent contractors by Defendant [and finding that the class] should not be limited by location."). Specifically, courts have routinely certified collective actions involving delivery drivers bringing misclassification claims under the FLSA.[1]

As discussed below, Plaintiffs have satisfied the "lenient" standard for conditional certification at the first stage, by putting forward evidence showing the putative collective members are similarly situated—all were subject to Stevens Trucking's common classification and pay policy that are uniformly applied to all delivery drivers.

---

[1] *Hose v. Henry Indus., Inc.*, 49 F. Supp. 3d 906, 908 (D. Kan. 2014) (conditional certification of drivers, some of whom are retained by intermediary contractors, misclassified as independent contractors rather than employees); *Holliday v. J S Exp. Inc.*, 2013 WL 2395333, at *1 (E.D. Mo. May 30, 2013) (class certification of Fleet Drivers providing courier services misclassified as independent contractors); *Hager v. Omnicare, Inc.*, 2020 WL 5806627, at *12 (S.D. W. Va. Sept. 29, 2020) (conditional certification of pharmaceutical delivery drivers classified as independent contractors); *Roldan v. Davis Bancorp, Inc.*, 2011 WL 13223731, at *1 (S.D. Fla. July 20, 2011) (class certification of South Florida drivers/couriers misclassified as independent contractors); *Collinge v. Intelliquick Delivery, Inc.*, 2012 WL 3108836, at *1 (D. Ariz. July 31, 2012) (conditional certification of three categories of misclassified delivery drivers at IntelliQuick: freight driver, route drivers, and on-demand drivers).

## II.    FACTUAL BACKGROUND

Stevens Trucking is a delivery company that provides freight delivery services to customers in Oklahoma and across the United States. *See Compl.*, ECF No. 1 ¶ 12. Stevens Trucking maintains its headquarters in El Reno, Oklahoma. *Id.* Plaintiffs worked as delivery drivers for Stevens Trucking in the three years preceding the filing of this lawsuit. *See Sanders Decl.* (attached hereto as Exhibit 3), ¶ 2; *Nash Decl.* (attached hereto as Exhibit 4), ¶ 2; *Matthews Decl.* (attached hereto as Exhibit 5), ¶ 2; *Thompson Decl.* (attached hereto as Exhibit 6), ¶ 2; *White Decl.* (attached hereto as Exhibit 7), ¶ 2. In order to make these deliveries, Plaintiffs were required to enter into a form Independent Contractor Equipment Lease Agreement with KWS. *See Compl.* ¶ 38.[2]

Plaintiffs were required to undergo a background check and drug test in order to work for Stevens Trucking. *See Sanders Decl.*, ¶ 5; *Nash Decl.,* ¶ 5; *Matthews Decl.,* ¶ 5; *White Decl.,* ¶ 5, *Thompson Decl.,* ¶ 5. Plaintiffs were required to follow Stevens Trucking's policies and procedures, including, a no cell phone policy, a no smoking policy, and a requirement to immediately report accidents and to report speeding tickets to Stevens Trucking within 24 hours. *Id.* ¶ 6. Stevens Trucking's dispatchers monitored the driver's progress throughout the day through a GPS and inward and outward facing cameras that were always within the trucks. *Id.* ¶ 10. Plaintiffs had to submit all requests for time off at

---

[2] Stevens Trucking offers to lease equipment to individuals seeking to perform services as a driver. Those individuals who choose to lease equipment from Stevens Trucking are required to sign an Equipment Lease Agreement with KWS. *See Compl.* ¶ 38. KWS has the same address as Stevens Trucking, and, upon information and belief, was formed by Stevens Trucking in order to enter into lease agreements with prospective drivers. *Id.* ¶ 14.

least seven days in advance. *Id.* ¶ 13. Stevens Trucking maintained the discretion to approve or deny these requests. *Id.* ¶ 13. The trucks which Plaintiffs used to make deliveries for Stevens Trucking had the Stevens Trucking company name on them and were registered under Stevens Trucking's DOT number. *Id.* ¶ 12. As a result, Plaintiffs could only work for Stevens Trucking. Plaintiffs had to comply with the instructions given to them by Stevens Trucking's dispatchers regarding which loads to haul, and where and when to pick up and drop off these loads. *Id.* ¶ 8-9. Stevens Trucking paid Plaintiffs a set number of cents per mile. *Id.* ¶ 4. Plaintiffs were not able to negotiate this rate. *Id.*

Plaintiffs worked for Stevens Trucking full time, typically working 60-70 hours a week. *See Sanders Decl.*, ¶ 10; *Nash Decl.,* ¶ 10; ¶ 10; *Thompson Decl.,* ¶ 10; *White Decl.,* ¶ 10. Stevens Trucking made a number of deductions from Plaintiffs' pay, including for truck lease payments, physical damage insurance, occupational accident insurance, bobtail insurance, a maintenance escrow fund and fuel among others. *See Sanders Decl.*, ¶¶ 13-14; *Nash Decl.,* ¶¶ 13-14; *Matthews Decl.,* ¶¶ 13-14; *White Decl.,* ¶¶ 13-14, *Thompson Decl.,* ¶¶ 13-14. As a result of these deductions, during several weeks in which Plaintiffs worked for Stevens Trucking, there were occasions when Plaintiffs either were paid nothing, paid below the minimum wage or allegedly owed money to Stevens Trucking for the work they performed. *Id.*

For example, in the week of October 10, 2024, Plaintiff Sanders made two separate trips between Oklahoma and Texas, and worked at least 20 hours for Stevens Trucking, but his take home pay, after deductions, was $0.00. *See Sanders Decl.,* ¶ 15. Similarly, in the

week of December 5, 2023, Plaintiff White's take-home pay was negative, and his pay statement showed that he owed $18.64 to Stevens Trucking, despite working at least 20 hours. *See White Decl.,* ¶ 15. In addition, for the pay period ending October 17, 2023, Plaintiff Nash's pay statement showed that he owed $5.66 to Stevens Trucking, despite working approximately 70 hours. *See Nash Decl.,* ¶ 15.  For the pay period ending November 14, 2023, despite working approximately 70 hours for Stevens Trucking, Plaintiff Thompson's pay statement showed that he owed $126.23 to Stevens Trucking. *See Thompson Decl.,* ¶ 15.

As set forth below, Plaintiffs have satisfied the "lenient" evidentiary burden for conditional certification by showing that there is a group of similarly situated delivery drivers—all subjected to Steven's Trucking's common classification and pay policy, therefore entitled to notice and the opportunity to join this matter.

## III.    ARGUMENTS & AUTHORITIES

Section 216(b) of the FLSA permits an employee to bring an action as a "collective action [] where the allegedly aggrieved employees are similarly situated." *Hornaday v. Mt. States Casing, Ltd. Liab. Co.*, No. 15-cv-1011-WJM-KLM, 2016 U.S. Dist. LEXIS 184280, at *3 (D. Colo. June 8, 2016) (citing 29 U.S.C. § 216(b)) (internal quotation marks omitted). *See also In re Chipotle Mexican Grill, Inc.*, 2017 WL 4054144, at *1 (10th Cir. Mar. 27, 2017) (quoting 29 U.S.C. § 216(b)); *Langston v. U.S. Sec. Assocs., Inc.*, No. CIV-18-868-PRW, 2019 U.S. Dist. LEXIS 148354, at *2 (W.D. Okla. Aug. 30, 2019). Such collective actions are favored because they enable the "efficient resolution in one

proceeding of common issues of law and fact," and provide plaintiffs with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-LaRoche, Inc.*, 493 U.S. 165, 170. Unlike Rule 23 class actions, in collective actions brought under 29 U.S.C. § 216(b), "[t]he statute of limitations continues to run on each individual's claim until they have filed a written consent to join the action." *Isaacs v. Total Aggregate, LLC*, No. CIV-21-945-J, 2022 U.S. Dist. LEXIS 44667, at *4 (W.D. Okla. Mar. 10, 2022) (citing 29 U.S.C. § 216(b)); *see also In re Bank of America Wage and Hour Employment Litigation*, 2010 WL 4180530, at *2 (D. Kan. Oct. 20, 2010). Therefore, "[g]iving notice this early in the case [is important and] helps protect the rights of employees and former employees because filing of the consent tolls any statute of limitation." *Oldershaw v. DaVita Healthcare Partners, Inc.*, 2017 WL 2391061, at *3 (D. Colo. Jun. 1, 2017).

## A. The Conditional Certification Standard is Lenient

"Although § 216(b) does not define 'similarly situated,' the Tenth Circuit has endorsed the *ad hoc* method of determin[ng]. . . .whether the putative class members are similarly situated to the named plaintiff." *Garza*, 2022 U.S. Dist. LEXIS 66406, at *2 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001); *McMahon v. Breckenridge Grand Vacations, LLC*, No. 20-cv-00754-CMA-STV, 2021 U.S. Dist. LEXIS 173970, at *3 (D. Colo. Sep. 14, 2021) (citing *Thiessen*, 267 F.3d 1095, 1102-1105). Accordingly, "[w]hether employees are similarly situated is judged in two stages: a preliminary or notice stage (at issue here) and then a more searching, substantive

stage, usually after the close of discovery." *Aldama v. Fat Alley, Inc.*, No. 19-cv-524-WJM-MEH, 2019 U.S. Dist. LEXIS 163103, at *3 (D. Colo. Sep. 24, 2019) (citation omitted).

At the initial stage, courts "require nothing more than substantial allegations that putative members were together victims of a single decision, policy, or plan." *Aldama*, 2019 U.S. Dist. LEXIS 163103, at *3 (citing *Thiessen*, 267 F.3d at 1102; citing *Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (applying *Thiessen* in the FLSA context)); *see also Garza*, 2022 U.S. Dist. LEXIS 66406, at *2-3 (citing *Thiessen*, 267 F.3d at 1102). At this stage, the standard for conditional certification "is a lenient one" and "typically results in conditional certification of a representative class." *Aldama*, 2019 U.S. Dist. LEXIS 163103, at *3 (citations omitted); *Koehler v. Freightquote.com, Inc.*, 93 F.Supp.3d 1257 (D. Kan. 2015) (standard at the first stage is lenient standard and "typically results in certification."). The standard of proof is low at this stage "because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist[.]" *Landry*, 252 F.Supp.3d 1079, 1114 (quoting *Myers v. Hertz Corp.*, 624 F.3d. 537, 555 (2nd Cir. 2010).

Conditional certification normally occurs "fairly early in the litigation, before the parties complete discovery[,]" therefore "'[a] court need only consider the substantial allegations of the complaint along with any supporting affidavits or declarations'; it need not decide the merits of the plaintiff's claims." *Garza*, 2022 U.S. Dist. LEXIS 66406, at *3; *Morris v. MPC Holdings, Inc.*, No. 20-cv-02840-CMA-NYW, 2021 U.S. Dist. LEXIS 170802, at *5 (D. Colo. Sep. 9, 2021) (citation omitted). *See also Renfro*, 243 F.R.D. 431, 434 ("[c]ourts have repeatedly held that at the notice stage. . .a court need only consider

the substantial allegations of the complaint along with any supporting affidavits or declarations.") (citation omitted); *Baldozier,* 375 F. Supp.2d at 1093 (considering allegations and declarations at notice stage); *Brown,* 222 F.R.D. at 680-81 (considering allegations and affidavits at notice stage); *Williams v. Sprint/United Mgmt. Co.,* 222 F.R.D. 483, 485 (D. Kan. 2004) (analyzing certification at the notice stage under the lenient standard and looking to plaintiff's substantial allegations and affidavits)); *Sharp. v. CGG Land (U.S.) Inc.*, 2015 WL 222486, at *2 (N.D. Okla. Jan. 14, 2015) (stating that courts focus "on whether the complaint and other allegations show that potential class members are 'similarly situated.'").

Indeed, courts usually grant conditional certification based solely on the allegations in the complaint and affidavits from one or two plaintiffs or opt-ins. *See Luckett v. Caldwell Transport Co., LLC*, No. 5:17-cv-00934-W, *Order Granting Conditional Certification*, ECF 30, p. 4 (W.D. Ok. Apr. 27, 2018) (granting conditional certification based on affidavits of plaintiff and three opt-ins); *Sharp*, 2015 WL 222486, at *2-3 (granting conditional certification based on the complaint and plaintiff's own affidavit); *Bass v. PJComn Acquisition Corp.*, 2010 WL 3720217, at *2-3 (D. Colo. Sept. 15, 2010) (granting conditional certification for drivers in multiple states based on complaint and affidavits from the two named plaintiffs); *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 681 (D. Kan. 2004) (granting conditional certification based on the complaint and two affidavits from former employees). Moreover, ". . .declarations or affidavits in support of motions for conditional certification need not meet all evidentiary standards for admissibility at trial. . .[however] they 'must be based on the personal knowledge of the affiant.'" *Swartz*

*v. D-J Eng'g, Inc.*, No. 12-CV-1029-JAR, 2013 U.S. Dist. LEXIS 136369, at *11-13 (D. Kan. Sep. 24, 2013) (citing *White v. MPW Indus. Servs., Inc*., 236 F.R.D. 363, 368 (E.D. Tenn. 2006)).

### B.  Plaintiffs Have Sufficiently Shown they are Similarly Situated to Collective Action Members

Plaintiffs in this case have no difficulty satisfying the lenient conditional certification standard adopted in *Thiessen*. Plaintiffs have alleged that they and other delivery drivers were misclassified as independent contractors, were required to sign form agreement promulgated by Stevens Trucking, had deductions taken out of their pay, and, as a result of these deductions, were not paid minimum wage during many of the weeks in which they worked for Stevens Trucking. *See Section II*, Factual Background. Stevens Trucking's common classification and compensation policies, which are at issue in this case, are attested to by the supporting declarations of Sanders, Thompson, Matthews, Nash and White, as well as their pay statements.

At this stage, Plaintiffs only need to show that they are similarly situated as a result of Stevens Trucking's common policies. *See Waltrip*, 2025 WL 1361733, at *3 ("Courts have found that this burden is met where the putative class members had the same employer, shared similar duties, or were subject to the same form of wage calculation." *See, e.g.*, *Landry v. Swire Oilfield Servs., LLC*, 252 F. Supp. 3d 1079, 1118 (D.N.M. 2017) (granting conditional certification whether proposed classes included "employees with similar positions" who had "essentially the same primary duties"); *Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d 1307, 1314 (D.N.M. 2017) ("granting conditional certification where

employees "worked for the same employer, performed largely similar duties and their allegations of FLSA violations [were] derived from the same alleged practices")). *See also, McMahon*, 2021 U.S. Dist. LEXIS 173970, at *6 (" Plaintiff does not need to prove that he, or anyone else, should have been classified as an employee. . . .[plaintiff] need only allege that a class of potential employees exists and that those employees were impacted by the same single decision, policy, or plan that allegedly violates the FLSA.").

Specifically, courts have routinely granted conditional certification to delivery drivers alleging independent contractor misclassification.[3] In *Brown v. Select One, Inc.*, 2024 WL 3398362, at *7 (N.D. Ill. July 12, 2024) (citing *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008), collecting cases), the court held that "Brown has satisfied his 'modest' burden of showing that other delivery drivers were 'victims of a common policy or plan that violated the law'" and noted that it "is far from alone in conditionally certifying collectives of delivery drivers based on similar allegations." In *Latipov v. AN Enterprise, Inc.*, No. 23-CV-01859, 2024 WL 474166, at *7 (N.D. Ill. Feb. 7, 2024), reconsideration denied, No. 23-CV-01859, 2024 WL 2133235 (N.D. Ill. Mar. 27, 2024), the court conditionally certified a nationwide collective of delivery drivers, finding

---

[3] *See, e.g., Souran v. GrubHub Holdings, Inc.*, 2017 WL 11594472, at *4 (N.D. Ill. Feb. 3, 2017) (granting conditional certification to GrubHub drivers misclassified as independent contractors); *Brown v. Club Assist Rd. Serv. U.S., Inc.*, 2013 WL 5304100, at *11 (N.D. Ill. Sept. 19, 2013) (conditional certification of former employee drivers improperly reclassified as independent contractors); *Hose v. Henry Indus., Inc.*, 49 F. Supp. 3d 906, 908 (D. Kan. 2014) (conditional certification of drivers, some of whom are retained by intermediary contractors, misclassified as independent contractors rather than employees); *Holliday v. J S Exp. Inc.*, 2013 WL 2395333, at *1 (E.D. Mo. May 30, 2013) (class certification of Fleet Drivers providing courier services misclassified as independent contractors); *Hager*, 2020 WL 5806627, at *12 (conditional certification of pharmaceutical delivery drivers classified as independent contractors); *Roldan*, 2011 WL 13223731, at *1 (conditional certification of South Florida drivers/couriers misclassified as independent contractors); *Collinge*, 2012 WL 3108836, at *1 (conditional certification of three categories of misclassified delivery drivers at IntelliQuick).

that they had alleged a common policy whereby they were misclassified as independent contractors, and, as a result of the deductions taken from their pay, were not paid minimum wage in all workweeks. And in *Williams v. TopHat*, the court granted conditional certification to a nationwide collective of delivery drivers who alleged that they had been misclassified as independent contractors and, as a result of the defendants' deductions policies, were not paid any wages in their final weeks of work. *Williams v. TopHat Logistical Sols., LLC*, 2023 WL 8190366, at *6 (N.D. Ill. Nov. 27, 2023).

Stevens Trucking's delivery drivers, including Plaintiffs, share a common employment experience. All were classified as independent contractors and signed the same Independent Contractor Equipment Lease Agreement. *See Compl.* ¶ 38. Stevens Trucking paid Plaintiffs a set number of cents per mile, which Plaintiffs were not able to negotiate. *Id.* at ¶ 4.

Furthermore, Stevens Trucking made a number of deductions from Plaintiffs' pay, including truck lease payments, physical damage insurance, occupational accident insurance, bobtail insurance, a maintenance escrow fund and fuel among others. *See Sanders Decl.*, ¶¶ 13-14; *Nash Decl.,* ¶¶ 13-14; *Matthews Decl.,* ¶¶ 13-14; *White Decl.,* ¶¶ 13-14, *Thompson Decl.,* ¶¶ 13-14.  As a result of these deductions, throughout the time Plaintiffs worked for Stevens Trucking, there were occasions when Plaintiffs either were paid nothing, paid below the minimum wage or allegedly owed money for the work they performed, in clear violation of the FLSA. *Id.*

Stevens Trucking may argue that a showing of "interest" among similarly situated

delivery drivers is required to obtain conditional certification and distribute notice of a collective action under the FLSA. However, "district courts have expressly rejected this requirement, including courts within this circuit." *Courtright v. Bd. of Cty. Comm'rs*, No. CIV-08-230-D, 2009 U.S. Dist. LEXIS 33942, at *8 (W.D. Okla. Apr. 21, 2009) (citing *Reab v. Electronic Arts, Inc.,* 214 F.R.D. 623, 629 (D. Colo. 2002) (disregarding language in *Dybach* as dicta); *Heckler v. DK Funding, LLC,* 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007)). Indeed, the court in *Courtright* held that "the Tenth Circuit would not require a showing of additional plaintiffs as a pre-condition to 'notice stage' certification and that Plaintiff's substantial allegations of class-wide policies and practices in this case are sufficient." *Courtright*, 2009 U.S. Dist. LEXIS 33942, at *8.

Although a showing that other potential plaintiffs, exist or are "interested" in joining is not required, other delivery drivers have already opted-in and joined this action to assert claims for minimum wage violations under the FLSA prior to the distribution of notice informing delivery drivers of this action and their rights to join. Plaintiffs have also articulated, based on his personal knowledge that there are many other delivery drivers who were classified as independent contractors and in several weeks were not paid minimum wage as a result of deductions, and he believes others would join this lawsuit to recover their unpaid wages, if provided with notice of this lawsuit. *See Sanders Decl.*, ¶ 15; *Nash Decl.,* ¶ 15; *Matthews Decl.,* ¶ 15; *Thompson Decl.,* ¶ 15;; *White Decl.,* ¶ 15. Therefore, even if the Court required Plaintiffs to show that other similarly situated plaintiffs exist or desire to opt-in to this lawsuit, Plaintiffs have made this showing.

### C.  Plaintiffs Have Made a Sufficient Showing, at This Preliminary Stage, That They and Other Drivers Were Employees of Stevens Trucking

Although Plaintiffs and other delivery drivers were classified by Stevens Trucking as independent contractors, they have sufficiently demonstrated, at this preliminary stage, that they were employees of Stevens Trucking within the meaning of the FLSA. *Compl.* ¶ 1. The Tenth Circuit uses the economic realities test to determine whether an individual qualifies as an employee under the FLSA. *Lewis v. ASAP Land Express, Inc.*, 554 F. Supp. 2d 1217, 1222–23 (D. Kan. 2008). The test focuses on "whether the individual is economically dependent on the business to which he renders service, or is, as a matter of economic fact, in business for himself." *Id.* The Court considers the following factors, none of which are dispositive alone: "(1) the degree of control which the alleged employer exerts over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business." *Id.*

Plaintiffs worked for Stevens Trucking full time. *See Sanders Decl.*, ¶ 10; *Nash Decl.,* ¶ 10; *Matthews Decl.,* ¶ 10; *Thompson Decl.,* ¶ 10; *White Decl.,* ¶ 10. Plaintiffs were paid a set rate, determined by Stevens Trucking. *See Sanders Decl.*, ¶ 4; *Nash Decl.,* ¶ 4; *Matthews Decl.,* ¶ 4; *Thompson Decl.,* ¶ 4; *White Decl.,* ¶ 4. They were required to undergo a background check and drug test in order to work for Stevens Trucking. *See Sanders Decl.*, ¶ 5; *Nash Decl.,* ¶ 5; *Matthews Decl.,* ¶ 5; *White Decl.,* ¶ 5, *Thompson Decl.,* ¶ 5. Plaintiffs were required to follow Stevens Trucking's policies and procedures. *Id.* ¶ 6. Stevens

14

Trucking's dispatchers monitored the driver's progress throughout the day through a GPS and inward and outward facing cameras that were always within the trucks. *Id.* ¶ 10. Every truck had the Stevens Trucking company name on it and was registered under Stevens Trucking's DOT number. *Id.* ¶ 12. As a result, Plaintiffs could only work for Stevens Trucking. Plaintiffs had to comply with the instructions given by Stevens Trucking's dispatchers regarding which loads to haul, and where and when to pick up and drop off these loads. *Id.* ¶ 8-9. Most importantly, Stevens Trucking is a delivery company, and Plaintiffs' work as delivery drivers was integral to Stevens Trucking's operations.

### D. Plaintiffs' Proposed Notice is Proper

Notice serves the FLSA's "broad and remedial purpose," *Dole v. Snell*, 875 F.2d 802, 804 (10th Cir. 1989), by informing other "potentially aggrieved individuals that they can join the lawsuit by filing a written consent," which "helps protect the rights of employees and former employees" by tolling any statute of limitation. *See Oldershaw*, 255 F.Supp.3d at 1114; *Rivera v. Power Design, Inc.*, 172 F. Supp. 3d 321, 328 (D.D.C. 2016) (the "benefits of a collective action depend on employees receiving accurate and timely notice. . .so that they can make informed decisions about whether to participate."). As the Court noted in the *James* case, "overly-restrictive approaches to notice undermine the purpose of FLSA litigation." *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 926 (D. Kan. 2021) (citing *Hoffmann-La Roche*, 493 U.S. at 170 (explaining that "collective actions exist to provide "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources' while also benefitting the judicial system 'by efficient resolution

15

in one proceeding'")).

Plaintiffs therefore respectfully request the Court to 1) approve Plaintiffs' Proposed Notice and Consent Form *attached as* Exhibits 1-2 and Plaintiffs' Proposed Email and Text Message Notice *attached as* Exhibits 8-9; 2) authorize the proposed methods for transmitting notice to putative collective members; 3) order Steven's Trucking to produce contact information for all putative collective members within fourteen (14) days; and 4) authorize a 90-day opt-in period for putative collective members to file their consent to join this action. Variations of Plaintiffs' proposed Notice and Consent Forms have been adopted by courts in this District and districts throughout the United States. The same is true of Plaintiffs' proposed opt-in timeline and methods for transmitting notice to putative collective action members.

Because this case alleges a "willful" violation of the FLSA, *see Compl.*, ECF No. 1 ¶ 35, the applicable statute of limitations is three years pursuant to 29 U.S.C. §255(a). *See, e.g., Sharp*, 2015 WL 222486, at *5 ("[c]ourts generally use the three year limitations period in first stage conditional certification, despite the requirement of a willful violation, because the question of wilfulness [sic] speaks to the merits of the case"); *Espenscheid v. DirectSat USA, LLC*, 2010 WL 2330309, *13 (W.D. Wis. June 7, 2010) ("whether any such violations [of the FLSA] were willful are questions pertaining to the merits of this action and are not properly entertained at this early stage of the proceeding. At this stage of litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs."). Therefore, Plaintiffs' proposed collective should include individuals employed by Stevens Trucking at any time during the past three years. *Landry,* 252 F. Supp.

16

3d 1079, 1131 (applying a three-year period); *Garza*, 2022 U.S. Dist. LEXIS 66406, at *7

(". . .during the three year period before the filing of [the] Complaint") (brackets in

original).

Plaintiffs request that Stevens Trucking be ordered to produce, within fourteen (14)

days of the Court's order granting Plaintiffs' Motion, a list in electronic format (i.e. Excel

(.xls) file) with the names, position, dates of employment and location(s) they worked, last

known mailing address, e-mail address, and telephone numbers of all delivery drivers

employed as independent contractors at any time during the three-year period preceding

the filing of this lawsuit. *See Langston v. U.S. Sec. Assocs., Inc.*, No. CIV-18-868-PRW,

2019 U.S. Dist. LEXIS 148354, at *8 (W.D. Okla. Aug. 30, 2019) (ordering defendant to

produce the information for "present and former employees. . .[including] their full names,

dates of employment, and all contact information known by Defendant. . . .in an easily

accessible electronic format (such as Excel or Word). . . ."); *Warren v. MBI Energy Servs.*,

No. 1:19-cv-00800-RM-STV, 2020 U.S. Dist. LEXIS 173198, at *9 (D. Colo. Sep. 22,

2020) (ordering defendant to produce the "names, last known address, email addresses,

telephone number, and dates of employment. . .in a useable electronic format"); *Landry*,

252 F.Supp.3d at 1129 (ordering defendant to produce "names, all known addresses, all

phone numbers (home, mobile, etc.). . .all known email addresses (work and personal) and

dates of employment" for all putative class members); *McGlon v. Sprint Corp.*, No. 16-CV-

2099-JAR, 2016 U.S. Dist. LEXIS 168694, at *22 (D. Kan. Dec. 6, 2016) (ordering

Defendant to produce "a list in electronic and importable format, of the first and last names,

last-known addresses, dates of employment, location of employment, telephone numbers,

and email addresses of all members of the putative class. . . ."); *Camara v. Mastro's Rests. LLC*, 340 F. Supp. 3d 46, 61 (D.D.C. 2018), *aff'd* 952 F.3d 372 (D.C. Cir. 2020) (ordering defendants to provide "the full names, telephone numbers, mailing addresses, email addresses, and employee IDs for all putative Plaintiffs").

To effectuate the FLSA's broad remedial purpose, Plaintiffs request the Court to authorize them to send the Proposed Notice and Opt-in Consent Form attached as Exhibits 1-2 to all potential opt-in plaintiffs by U.S. mail, email, and text message, respectively. "Courts have recognized that notice by email. . .is reasonable in today's mobile society and [this method] of communication may offer a more reliable means of reaching an individual even if that individual is away from home or has moved." *Calvillo v. Bull Rogers, Inc.*, 2017 WL 3172843, at *6 (D.N.M. July 25, 2017); (". . .email and text message likely are more effective methods for communicating with potential class members than traditional, first-class mail."); *Pogue v. Chisholm Energy Operating, LLC*, No. 2:20-cv-00580-KWR-KK, 2021 U.S. Dist. LEXIS 237107, at *27 (D.N.M. Dec. 10, 2021) ("find[ing] that mail, email, and text message are appropriate methods to distribute the notice. . . .[and stating that] [c]ourts have recognized that notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual.'") (citations omitted). For this reason, courts routinely authorize notice by email and text message. *See Foust v. CPI Sec. Servs.*, No. CIV-16-1447-R, 2017 U.S. Dist. LEXIS 78072, at *8 (W.D. Okla. May 23, 2017) (permitting notice via mail and email); *Kenney v. Helix Tcs*, Civil Action No. 17-cv-01755-CMA-KMT, 2021 U.S. Dist. LEXIS 79948, at *13 (D. Colo. 2021) (authorizing notice via mail, email, and text message)

(citation omitted); *Pruess v. Presbyterian Health Plan, Inc.*, 2020 U.S. Dist. LEXIS 208114, 2020 WL 6544243, at *8 (same); *Calvillo*, 267 F. Supp. 3d at 1315 (same); *Landry*, 252 F. Supp. 3d at 1129 (same); *Warren*, 2020 U.S. Dist. LEXIS 173198, at *9 (same); *Morris*, 2021 U.S. Dist. LEXIS 170802, at *8 (authorizing notice via text message and email); *Avendano, et al. v. Averus, Inc., et al.*, No. 14-cv-01614 (D. Colo. Oct. 25, 2016) (authorizing notice by text message).

Plaintiffs also request that potential opt-in plaintiffs be provided 90 days to file their consent forms and opt-in to this action. Courts in the Tenth Circuit routinely grant opt-in period of days 90-day as "a reasonable period in which to attempt to contact (and repeat efforts to contact, when necessary) potential class members." *Wass v. NPC Int'l., Inc.*, 2011 WL 1118774, at *11 (D. Kan. Mar. 28, 2011); *Gieseke v. First Horizon Home Loan Corp.*, 2006 WL 2919076, at *2 (D. Kan. Oct 11, 2006) (rejecting defendant's proposed change from 90 days to 60 days); *Cryer v. Intersolutions, Inc.*, No. 06 Civ. 2032, 2007 WL 1053214, at *3 (D.D.C. Apr. 7, 2007) (stating that 90-days "is a reasonable period of time for potential class members" to opt-in); *Rosenbohm v. Cellco P'ship*, No. 2:17-cv-731, 2018 U.S. Dist. LEXIS 158030, at *10 (S.D. Ohio 2018) (citing *Nazih v. Café Istanbul of Columbus, LLC*, 2018 U.S. Dist. LEXIS 154283, at *20 (S.D. Ohio Sept. 11,. 2018) (approving a 90-day period).

Plaintiffs also request permission to send a reminder notice to all individuals who have not yet opted-in to this matter 45 days after the initial notice mailing.[4] Courts regularly

---

[4] Plaintiffs will bear the cost of the initial and reminder notice mailing, and it will not change the end of the opt-in period.

authorize a reminder notice to ensure workers will be informed of the collective action and their right to join.[5]

## IV.   CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiffs respectfully request that this Court conditionally certify the class, and authorize Plaintiffs to send to to the following group of similarly situated individuals defined as:

> **All individuals who have been employed as delivery drivers by Stevens Trucking in the United States at any time during the past three years, who were classified as independent contractors.**

Respectfully submitted,

By: <u>/s/ Olena Savytska</u>

Harold L. Lichten
Olena Savytska
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

---

[5] *See Landry*, 252 F.Supp.3d at 1130; *Guevara v. Spartan Enters., LLC*, Civil Action No. 20-1383 (JEB), 2020 U.S. Dist. LEXIS 220811, at *14 (D.D.C. Nov. 23, 2020) (authorizing a "reminder notice via email (or text if email is not available) and one via U.S. Mail to any putative class member who does not initially respond."); *Harris v. Med. Transp. Mgmt., Inc*, 317 F. Supp. 3d 421, 426 (D.D.C. 2018) (authorizing a reminder notice via text message); *Foust v. CPI Sec. Servs.*, No. CIV-16-1447-R, 2017 U.S. Dist. LEXIS 78072, at *8 (W.D. Okla. May 23, 2017) (authorizing "a reminder notice by mail and/or email"); *German v. Holtzman Enters.*, Civil Action No. 19-cv-03540-PAB-STV, 2021 U.S. Dist. LEXIS 53141, at *11-12, 16 (D. Colo. Mar. 22, 2021) (authorizing a reminder notice via mail and email); *Montes v. Tafolino's Inc.*, Civil Action No. 14-cv-03425-MSK-MJW, 2015 U.S. Dist. LEXIS 68483, at *7 (D. Colo. May 22, 2015) (authorizing "a reminder Notice by email and/or e-mail thirty (30) days after the first mailing or e-mailing under the same conditions as the first Notice."); *McQueary v. Confluence Energy, LLC*, 2015 WL 1186603, at *3 (D. Colo. Mar. 12, 2015) (same).

Drew N. Herrmann
HERRMANN LAW, PLLC
801 Cherry St., Suite 2365
Fort Worth, TX 76102
(817) 479-9229
Email: drew@herrmannlaw.com


Jeff A. Taylor (BBO # 17210)
The Offices at Deep Fork Creek
5613 N. Classen Blvd
Oklahoma City, OK 73118
Phone: 405-286-1600
Fax: 405-842-6132


## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2025, I caused a true and correct copy of the foregoing to be filed with the Court's CM/ECF system which constitutes service on Defendants, whose counsel are registered participants on that system.


/s/ *Olena Savytska*
Olena Savytska